IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 20, 2001

## STATE OF TENNESSEE v. BRENDA REDWINE

**Direct Appeal from the Criminal Court for Johnson County**
**No. 3324    Robert E. Cupp, Judge**

**No. E2000-01824-CCA-R3-CD**
**May 25, 2001**

The defendant, Brenda Redwine, after pleading guilty to possession of Schedule II drugs and simple possession of marijuana, properly reserved a certified question of law for our review. The Johnson County Criminal Court denied her motion to suppress a search warrant that was issued on January 6, 1999. The defendant asserts, by certified question of law, that the search warrant was not properly issued because the affidavit that was the basis for the warrant contained material misrepresentation by the officer. After review, we affirm the trial court's denial of the defendant's motion to suppress.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

H. Randolph Fallin, Mountain City, Tennessee, for the appellant, Brenda Redwine.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General; and Kenneth Carson Baldwin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Brenda Redwine, is appealing the decision of the Johnson County Criminal Court denying her motion to suppress a search warrant that was issued on January 6, 1999. The defendant asserts, by certified question of law, that the search warrant in question was not properly issued because the affidavit that was the basis for the warrant contained material misrepresentations by the officer. The defendant's appeal is properly before this court and we affirm the trial court's denial of the defendant's motion to suppress.

**Facts**

On January 6, 1999, a search warrant was served on the defendant's residence in Mountain City, Tennessee. The basis for issuance of this warrant was an affidavit by Officer Freddie Ainsworth setting forth the following:

> On January 6, 1999, Ms. Sheila Reece went to the residence of Brenda Redwine and her boyfriend, Derick Arnold. She was met at the door and told to come back later. Ms. Reece observed marijuana and blue pills lying on the coffee table. Ms. Reece has knowledge of Ms. Redwine and Mr. Arnold being drug users. They have tried to get her to participate in their drug use. Ms. Reece feels for the two children that live at the residence. Furthermore, Ms. Reece is a citizen of Johnson County in good standing with only minor traffic violations and no criminal history. On January 6, 1999, Ms. Reece observed marijuana and blue pills on the coffee table at the residence at 148 Hillside Road, Mountain City, TN 37683.

Upon execution of this warrant on the defendant's residence, two small bags of marijuana were seized along with assorted pills and other drug paraphernalia. The defendant was arrested on February 22, 1999, and charged with several counts of possession of drugs and drug paraphernalia.

On September 3, 1999, a Johnson County grand jury indicted the defendant for possession of a Schedule VI controlled substance, possession of a Schedule II controlled substance, possession of a Schedule III controlled substance, possession of a Schedule IV controlled substance, and possession of drug paraphernalia.

On October 11, 1999, the defendant filed a motion to suppress the search warrant on the basis that the affidavit inadequately set forth the status of the informant and the basis of the informant's information. The trial court held a hearing on the motion to suppress on October 15, 1999, based upon the following stipulated facts:

1. Freddie Ainsworth, employed as an Investigator with the Johnson County Sheriff's Office, was approached by a Ms. Sheila Reece who was previously unknown to Investigator Ainsworth. She informed him that she was a friend of one Brenda Redwine and that she had been at the residence of Ms. Redwine on January 6, 1999 and had observed certain controlled substances that were present in the presence of Ms. Redwine's children and that she was a concerned citizen in regards to the welfare of the children and reported the incident to the Sheriff's Office. Investigator Ainsworth not having any previous contact or knowledge of this citizen asked her if she had any prior record herself, she denied same and reaffirmed that her position was that of good citizen and friend of Ms. Redwine.

2. Mr. Ainsworth took no independent steps to verify any of the information that Ms. Reece had given him or to check any records pertaining to Ms. Reece's background and/or record or lack thereof.

3. Investigator Ainsworth put this information in an Affidavit in support of a search warrant, and obtained a search warrant, executed same upon the residence of Ms. Redwine, the Defendant herein, and recovered certain controlled substances.

4. After the search warrant had been executed, Investigator Ainsworth found out that Ms. Reece had misrepresented the original facts to him in that her relationship was with Ms. Redwine's boyfriend, one Derek Arnold. That she was a former girlfriend of this same individual and that she had some animosity toward Ms. Redwine, and therefore, had a different agenda than being a good citizen when she supplied this information to the officer.

The trial court took the case on advisement and subsequently denied the motion. On July 21, 2000, the defendant entered a guilty plea, which the trial court accepted. The trial court entered a judgment which reserved the right to appeal a certified question of law which was set out in an accompanying order. The trial court entered the order simultaneously to entering the judgment, with the consent of both parties, setting out the certified question of law of whether the trial court correctly denied the defendant's motion to suppress the search warrant. As required, this order also specifically set forth the defendant's legal and factual basis for contesting the warrant. Therefore, the defendant's appeal as of right is properly before this court pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure and Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure. See also State v. Preston, 759 S.W.2d 647 (Tenn. 1988).

## Analysis

The defendant contends, by certified question of law, that the trial court erred in denying the defendant's motion to suppress the search warrant. Specifically, the defendant contends that the warrant was not properly issued because the affidavit that was the basis for the warrant contained material misrepresentations by the officer. In reviewing the denial of the defendant's motion to suppress, we apply a preponderance of evidence standard. See State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996).

Generally, search warrants are issued only on the basis of an affidavit, sworn before a neutral and detached magistrate, which establishes probable cause to issue the warrant. See State v. Stevens, 989 S.W.2d 290, 293 (Tenn. 1999); State v. Jacumin, 778 S.W.2d 430, 431 (Tenn. 1989). To show probable cause, there must be "reasonable grounds for suspicion, supported by circumstances indicative of an illegal act." Stevens, 989 S.W.2d at 293. For the magistrate to make an adequate decision regarding the existence of probable cause, the affidavit must "contain more than mere conclusory allegations by the affiant." Id.

Although the defendant argues in her brief that the affidavit was not sufficient on its face because the issuing magistrate and trial court incorrectly applied the citizen informant standard in determining that this was a reliable citizen informant, we are limited in our review to the certified

question of law as to whether the affidavit was insufficient because it contained material misrepresentations by the officer.

An affidavit that is sufficient on its face may only be impeached by showing that it contains "(1) a false statement made with intent to deceive the Court, whether material or immaterial to the issue of probable cause," or "(2) a false statement, essential to the establishment of probable cause, recklessly made." State v. Little, 560 S.W.2d 403, 407 (Tenn. 1978); see also Franks v. Delaware, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667, 672 (1978). When the warrant is valid on its face, it may only be attacked when the defendant establishes that it was procured through perjury or coercion. State v. Cannon, 634 S.W.2d 648, 650 (Tenn. Crim. App. 1982). Allegations of negligence or innocent mistakes are not sufficient to invalidate the warrant. Franks, 438 U.S. at 171. A defendant must show that the reckless statements were necessary to the finding of probable cause in order to obtain relief. Id. at 155-56; see also State v. Smith, 867 S.W.2d 343, 350 (Tenn. Crim. App. 1993). In addition, the defendant has the burden of proving the allegation of perjury or reckless disregard by a preponderance of the evidence. See Franks, 438 U.S. at 156.

The crux of the defendant's argument centers around the officer's statement: "Mrs. Reece is a citizen of Johnson County in good standing with only minor traffic violations and no criminal history." The defendant claims that this information was a material misrepresentation because the officer did not investigate the informant. However, as indicated in the stipulation of facts, the officer did, in fact, ask the informant if she was a citizen in good standing. The remainder of the affidavit was merely a recitation of what the informant had told the officer. The defendant has failed to show how this officer made any misrepresentations whatsoever of what the informant told him. Therefore, the defendant has failed to meet her burden in all respects in proving that the officer made any misrepresentations.

## **Conclusion**

Because the defendant has failed to show that the affiant made any misrepresentations as to what was sworn to in the affidavit, we affirm the trial court's denial of the defendant's motion to suppress the search warrant.

_____
JOHN EVERETT WILLIAMS, JUDGE