# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### February 1, 2005 Session

## STATE OF TENNESSEE v. DELAWRENCE WILLIAMS

### Direct Appeal from the Circuit Court for Dyer County
### No. C03-405    Lee Moore, Judge

### No. W2004-01682-CCA-R9-CD  - Filed March 8, 2005

This is a Rule 9, Tennessee Rules of Appellate Procedure, interlocutory appeal of the trial court's denial of the defendant's motion to suppress drug evidence seized from his home during a search executed pursuant to a warrant. The defendant, Delawrence Williams, is charged with possession of more than .5 grams of cocaine with the intent to sell or deliver based on the drug evidence recovered from his home and with aggravated assault based on a domestic violence episode involving his girlfriend that preceded the issuance of the search warrant. At the suppression hearing, he argued that the officer's affidavit in support of the warrant failed to establish probable cause because it did not contain sufficient facts to show that the defendant's girlfriend, who was the source for the officer's knowledge, satisfied the two-pronged test, as set forth in State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989), for information supplied by a criminal informant. The trial court denied the motion, finding that the affidavit sufficiently demonstrated the basis for the informant's knowledge and the reliability of her information. Following our review, we affirm the order of the trial court denying the motion to suppress.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., and JOE H. WALKER, III, SP.J., joined.

Charles M. Agee, Jr., Dyersburg, Tennessee, for the appellant, Delawrence Williams.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On September 28, 2003, Dyer County sheriff's deputies responded to a report of a domestic disturbance at the defendant's home, which resulted in the arrest of both the defendant and his

girlfriend, Vivial Taylor, on charges of domestic violence. As she was being arrested, Ms. Taylor informed the officers that the defendant had cocaine and marijuana in his residence. Armed with that information, Investigator Terry McCreight of the Dyer County Sheriff's Department obtained and executed a search warrant on the property during which both cocaine and marijuana were found in the home. His affidavit in support of the search warrant states in pertinent part

> that . . . on 09/28/03 at 14:42 hrs the Dyer County Sheriff's Dept. Deputies were dispatched to 440 Bean Mill [R]d. in reference to a domestic disturbance. Upon deputies['] arrival to the scene Deputy Kenny Gibbons and Deputy Lynn Waller made contact with b/f [V]ivial Taylor and b/m Delawrence Williams. After deputies interviewed both subjects investigation revealed that Viv[i]al Taylor was the girlfriend of b/m Delawrence Williams and there was evidence of [sic] domestic violence had occurred at the residence. Deputies arrested Delawrence Williams and Vivial Taylor for Domestice [sic] Violence Ass[a]ult. B/f Viv[i]al Taylor stated to deputies that there was Cocaine and Marijuana inside of the residence. Viv[i]al Taylor stated she stayed overnight on 09/27/03 at the residence and saw cocaine in the closet of Delawrence Williams['] residence. Viv[i]al Taylor stated that she also saw marijuana in the residence. B/m Delawrence Williams recently plead [sic] guilty in Circuit Court of Dyer County to a Cocaine charge.

At the suppression hearing, Investigator McCreight testified that when he arrived at the scene Ms. Taylor told him that if she were going to jail the defendant "was going to jail for a long time because there was [sic] drugs in the house." She then provided the information about the drugs that he reported in his affidavit. Investigator McCreight testified he was familiar with the defendant and was aware of his having recently pled guilty to the possession or sale of cocaine. He said that Ms. Taylor, with whom he was also familiar, was not an undercover informant and, to his knowledge, did not have a criminal record, was not a drug user, and was not involved in the sale of drugs or in any other sort of criminal activity. Furthermore, nothing in the information she provided to him about the defendant's drugs indicated that she was involved in their sale or use. He acknowledged, however, that she had just been involved in a domestic disturbance with the defendant at the time she supplied the information, had made a domestic violence complaint against the defendant, and was herself arrested for domestic violence as a result of the disturbance.

The defendant cited the timing of Ms. Taylor's statement to the officers, her presence in the environment where the drugs were located, and her arrest for domestic violence to assert at the suppression hearing that the information she provided should be judged by the more stringent two-prong Jacumin test for a criminal informant's information, as opposed to the more lenient standard by which information from a citizen informant is judged. The defendant argued that, under this standard, Investigator McCreight's affidavit failed to establish probable cause because although it showed the basis for Ms. Taylor's information, it did not allege sufficient facts to show that she was a credible source or that the information she provided was reliable.

In denying the motion to suppress, the trial court found there was no evidence that Ms. Taylor was part of the "criminal milieu dealing with the drugs in question," but she did not meet the definition of a citizen informant because she was apparently motivated to inform on the defendant out of revenge. Applying, therefore, the criminal informant standard, the court concluded that the affidavit sufficiently demonstrated both the basis for Ms. Taylor's knowledge and the reliability of the information she provided and, thus, probable cause for the search. Accordingly, the trial court denied the defendant's motion to suppress the evidence. Thereafter, the defendant sought and received permission to file an interlocutory appeal to this court of the trial court's ruling.

## ANALYSIS

The defendant argues before this court, as he argued at the suppression hearing, that Investigator McCreight's affidavit failed to contain sufficient facts to meet the reliability prong of the Jacumin test and, thus, failed to establish probable cause for the search. The State argues that the affidavit need not have satisfied the two-pronged Jacumin test because Ms. Taylor was not a criminal informant, but the trial court, nonetheless, correctly concluded that the affidavit sufficiently demonstrated the reliability of Ms. Taylor's information under the more stringent standard by which hearsay information from a criminal informant is judged.

When this court reviews a trial court's ruling on a motion to suppress evidence, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The party prevailing at the suppression hearing is afforded the "strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence." State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998). The findings of a trial court in a suppression hearing are upheld unless the evidence preponderates against those findings. See id. However, the application of the law to the facts found by the trial court is a question of law and is reviewed *de novo*. See State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

Under both the Tennessee and United States Constitutions, no search warrant may be issued except upon probable cause, which has been defined as "a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." State v. Henning, 975 S.W.2d 290, 294 (Tenn. 1998). Tennessee requires a written and sworn affidavit, "containing allegations from which the magistrate can determine whether probable cause exists," as "an indispensable prerequisite to the issuance of a search warrant." Id. The standard to be employed in reviewing the issuance of a search warrant is "whether, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause." State v. Meeks, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993) (citing Jacumin, 778 S.W.2d at 431-32.

Information in an affidavit in support of a search warrant that is supplied by a "citizen informant" is presumed to be reliable, and, as such, the affidavit need not establish the credibility of the informant or the reliability of the information. State v. Stevens, 989 S.W.2d 290, 293 (Tenn. 1999) (citing State v. Melson, 638 S.W.2d 342, 354 (Tenn. 1982), cert. denied, 459 U.S. 1137, 103

S. Ct. 770, 74 L. Ed. 2d 983 (1983)). Information supplied by a criminal informant, on the other hand, must meet the two-pronged Aguilar-Spinelli test[1] adopted by the Jacumin court, which requires a showing of "'both (1) the basis for the informant's knowledge, and either (2)(a) a basis for establishing the informant's credibility or (2)(b) a basis establishing that the informant's information is reliable.'" Id. at 293-94 (quoting State v. Cauley, 863 S.W.2d 411, 417 (Tenn. 1993)).

As the Stevens court observed, the rationale for the different tests is that information supplied by the traditional criminal informant carries with it a "certain impression of unreliability" as it is often "given in exchange for some concession, payment, or simply out of revenge against the subject," whereas the ordinary citizen informant who has witnessed a crime "acts with an intent to aid the police in law enforcement because of his concern for society or for his own safety" and "does not expect any gain or concession in exchange for his information." Id. at 294 (internal quotation and citations omitted). Mere conclusionary allegations that the informant was a concerned citizen, sought no payment for the information, or acted out of a sense of civic duty, are insufficient to establish that the informant qualifies as a citizen informant. Id. Instead, the affidavit must contain particularized information as to how the citizen "'happened to come upon'" the information, particularly when the information provided, such as the location of narcotics, is more likely to be gained by someone from the criminal milieu than by "'a law-abiding individual.'" Id. (quoting 2 Wayne R. LaFave, Search and Seizure § 3.4(a) (3d ed. 1996)).

In this case, Ms. Taylor was almost certainly motivated by something other than a sense of civic duty or a concern for society. Nevertheless, we agree with the State that Investigator McCreight's affidavit was sufficient to show that she was a citizen informant. The affidavit specifically identified her by name. Furthermore, it provided a particularized explanation for why she was in the residence and how she happened upon her information about the drugs, stating that she was the defendant's girlfriend and had spent the previous evening in the defendant's home, where she had seen the drugs. In addition, it contained the corroborating information by Investigator McCreight that he was aware of the defendant's having recently pled guilty to the sale or possession of cocaine. The fact that Ms. Taylor may have been motivated by anger at the defendant or a desire for revenge due to her arrest for domestic assault is not, in our view, enough to place her in the category of the typical criminal informant, whose unreliable nature requires the application of the more stringent Jacumin test. See, e.g, State v. Yeomans, 10 S. W.3d 293, 295-96 (Tenn. Crim. App. 1999) (concluding that runaway girl who informed on her teenage boyfriend's mother after the mother stated she was going to make her return home qualified as a citizen informant).

We conclude, therefore, that the affidavit was sufficient to establish that Ms. Taylor was a citizen informant and, thus, that the information she provided was presumptively reliable. That information, combined with the corroborating information about the defendant's past criminal history of which Investigator McCreight was personally aware, provided sufficient probable cause

---

[1] See Aguilar v. Texas, 378 U.S. 108, 114, 84 S. Ct. 1509, 1514, 12 L. Ed. 2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 412-13, 89 S. Ct. 584, 587, 21 L. Ed. 2d 637 (1969).

for the issuance of the search warrant. Accordingly, we affirm the trial court's denial of the defendant's motion to suppress the results of the search.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the trial court's order denying the motion to suppress.

_____
ALAN E. GLENN, JUDGE