# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2005

## STATE OF TENNESSEE v. BRYAN JOHN DROST

### Appeal from the Circuit Court for Tipton County
#### No. 4798    Joseph H. Walker, Judge

---

### No. W2004-02108-CCA-R3-CD  - Filed October 12, 2005

---

The Appellant, Bryan John Drost, was convicted by a Tipton County jury of possession of .5 grams or more of cocaine with the intent to deliver, and he was subsequently sentenced to ten years and six months confinement in the Department of Correction.  On appeal, he challenges the trial court's denial of his motion to suppress, arguing that the affidavit given in support of the warrant was insufficient to establish probable cause because:  (1) it failed to establish that the informant was, as alleged, a citizen informant; and (2) the affidavit failed to demonstrate the informant's reliability and credibility as required by *Jacumin*.  After review of the record, we find no error and affirm the judgment of the trial court.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

J. Barney Witherington IV, Covington, Tennessee, for the Appellant, Bryan John Drost.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Colin Campbell, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On January 20, 2004, members of the Tipton County Drug Task Force executed a search warrant at the residence of the Appellant on Coleville Road in Drummonds.  Present at the home when officers arrived were the Appellant and co-defendant Shannon Arnez Christopher. During the execution of the warrant, the Appellant eventually directed Officer Rose to the location where a

quantity of cocaine was secreted in a ceramic figurine on the front porch of the home. Additionally, officers found a set of digital scales in the Appellant's bedroom. After receiving *Miranda* warnings, the Appellant gave a written statement admitting that the cocaine belonged to himself and the co-defendant.

On March 1, 2004, a Tipton County grand jury indicted the Appellant and Christopher for possession of .5 grams or more of cocaine with the intent to deliver, a Class B felony. The Appellant subsequently filed a motion to suppress asserting that the search of the house was unlawful. Specifically, he argued that the information contained in the affidavit in support of the warrant did not support a finding that the informant was a citizen informant and that the reliability and credibility of the informant were not established. The trial court denied the motion on July 15, 2004, finding that the affidavit contained sufficient facts to establish that the informant was "a concerned citizen and not a member of the criminal milieu"; thus, the affidavit was sufficient to support issuance of the warrant. After a trial, a Tipton County jury convicted the Appellant as charged in the indictment. He was subsequently sentenced to serve ten years and six months in the Department of Correction. This appeal followed.

**Analysis**

On appeal, the Appellant asserts that the affidavit in support of the search warrant consisted entirely of boilerplate language and, as a result, does not contain probable cause to support the issuance of the warrant. Specifically, he contends that with regard to the informant, the affidavit does not "provide sufficient information to qualify under a 'concerned citizen' analysis." Moreover, he asserts that because the informant is not a citizen informant, the affidavit is subject to the two-prong test of *State v. Jacumin*, 778 S.W.2d 430 (Tenn. 1989). He further contends that the warrant fails the veracity prong of the *Jacumin* test.

The affidavit submitted by Officer Rose provides as follows:

> Affiant has received information from a concerned citizen that is known to your affiant to be truthful and reliable with an impeccable moral character and is an outstanding citizen of Tipton County with no prior arrest history. Concerned citizen stated to your affiant that within the past 48 hours he/she saw cocaine and marijuana being sold, used and stored at 252 Coleville Rd, Drummonds, TN. This being the residence of George Gibson IV and Brian Drost. Concerned citizen is familiar with the appearance of cocaine and marijuana by attending drug awareness seminars.

In reviewing a trial court's determinations regarding a suppression hearing, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). Thus, "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." *Id*. Nevertheless, review of the trial court's application of the law to the facts is purely *de novo*. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001). Furthermore,

the State, as the prevailing party, is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences which may be drawn from that evidence. *Odom*, 928 S.W.2d at 23.

Our supreme court has explained that the Fourth Amendment to the United States Constitution requires that search warrants issue only "upon probable cause, supported by Oath or affirmation." Article I, Section 7 of the Tennessee Constitution precludes the issuance of warrants except upon "evidence of the fact committed." Therefore, under both the federal and state constitutions, no warrant is to be issued except upon probable cause. In this state, "a finding of probable cause supporting issuance of a search warrant must be based upon evidence included in a written and sworn affidavit." *Id*. Specifically, in "order to establish probable cause, an affidavit must set forth facts from which a reasonable conclusion may be drawn that the contraband will be found in the place to be searched pursuant to the warrant." *State v. Norris*, 47 S.W.3d 457, 470 (Tenn. Crim. App. 2000). The affidavit must contain more than conclusory allegations. We note that "affidavits must be looked at and read in a commonsense and practical manner, and that the finding of probable cause by the issuing magistrate is entitled to great deference." *State v. Bryan*, 769 S.W.2d 208, 211 (Tenn. 1989) (citations omitted).

An affidavit may contain hearsay information supplied by a confidential informant to establish probable cause. *State v. Carter*, 160 S.W.3d 526, 534 (Tenn. 2005) (citing *Henning*, 975 S.W.2d at 294-95). In determining the reliability of the information contained in an affidavit, a distinction exists between a citizen informant or a bystander witness and criminal informants or those from a "criminal milieu." *Id*. (citing *State v. Melson*, 638 S.W.2d 342, 354 (Tenn. 1982)). Information provided by a citizen informant who is known to the affiant is presumptively reliable. *Id*. (citing *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn. 1999)). The reliability of the information of a citizen informant whose identity is not disclosed is to be determined from the circumstances and the affidavit in its entirety. *Id*. (citing *Melson*, 638 S.W.2d at 356). However, if the informant is not a "citizen informant," but rather a criminal informant, then the supplied information must meet the two-pronged *Jacumin* test, which requires showing both the informant's basis of knowledge and either a basis for establishing the informant's credibility or a basis for establishing that the informant's information is reliable. *Jacumin*, 778 S.W.2d at 436.

The rationale for the different tests is that information supplied by the traditional criminal informant carries with it a "certain impression of unreliability" as it is often "given in exchange for some concession, payment, or simply out of revenge against the subject," whereas the ordinary citizen informant who has witnessed a crime "acts with an intent to aid the police in law enforcement because of his concern for society or his own safety" and "does not expect any gain or concession in exchange for his information." *Stevens*, 989 S.W.2d at 294 (internal quotation and citations omitted). Mere conclusionary allegations that the informant was a concerned citizen, sought no payment for the information, or acted out of a sense of civic duty are insufficient to establish that the informant qualifies as a citizen informant. *Id*. Generally, a more particularized showing of the law-abiding nature of the person supplying the information is needed, including how the citizen "happened to come upon" the information, particularly when the information provided, such as the

location of narcotics, is more likely to be gained by someone from the criminal milieu than by a law-abiding individual. *Id.* at 294-95. The reliability of the informant, as well as the information furnished, must be judged from all the circumstances and from the entirety of the affidavit. *State v. Webb*, 130 S.W.3d 799, 822 (Tenn. Crim. App. 2003).

After hearing arguments of counsel and reviewing the affidavit, the trial court found as follows:

> In this case the affiant, Investigator Rose, knew the informant. The informant is a citizen known to Rose to be truthful, of impeccable moral character and with no prior arrest history.
>
> There is no explanation in the affidavit how the concerned citizen came to observe cocaine and marijuana being sold, used and stored in the house. The unexplained circumstances warrant caution in determining whether the informant is a presumptively reliable citizen. However, the affidavit states that Rose knows that the citizen is an outstanding citizen of the county with no prior arrest history. The citizen is familiar with illegal drugs by attending drug awareness seminars. The court finds that to be sufficient to deem this informant a concerned citizen and not a member of the criminal milieu. The informant in the above affidavit is a concerned citizen within the *Melson* definition.
>
> Information provided by an unnamed ordinary citizen is presumed to be reliable, and the affidavit need not establish that the source is credible or that the information is reliable. Therefore the affidavit is sufficient for the issuance of the warrant.

The Appellant relies upon *Stevens* for the proposition that in order for a warrant to qualify under a concerned citizen analysis, "the affidavit must provide some indication why the informant was present in a place where drugs were being sold." While the affidavit states that the informant was present in the house, there is no explanation given for why the citizen was in the house when cocaine and marijuana were being used and sold, just as the trial court noted. However, in this case, in contrast to *Stevens*, other facts may be gleaned from the affidavit that would bolster or corroborate the conclusory description of the citizen. *Cf. Stevens*, 989 S.W.2d at 295. As found by the trial court, there is nothing to suggest that this informant was from the criminal milieu. Indeed, the affidavit specifically states that the informant had no prior arrest history. Additionally, there is no indication that the informant had been previously involved in providing information to law enforcement authorities or that any money was received in exchange for the information. Moreover, the affiant stated that the informant acquired his familiarity with drugs from drug awareness seminars. Thus, we agree with the trial court that the affidavit was facially sufficient to establish that the informant was a citizen informant. For this reason, there need be no further showing regarding the informant's veracity, as reliability is presumed.

**CONCLUSION**

Finding no error, the judgment of the Tipton County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE