**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**SEPTEMBER SESSION, 1998**



**FILED**

**August 4, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 02C01-9805-CC-00154** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **WEAKLEY COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. WILLIAM B. ACREE** |
| **JAMES NORMAN USERY,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Certified Question—Search Warrant) |

ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF WEAKLEY COUNTY

FOR THE APPELLANT:

GARRY BROWN
P.O. Box 505
Milan, TN 38358

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

THOMAS A. THOMAS
District Attorney General

ALLEN STRAWBRIDGE
Assistant District Attorney General
P.O. Box 218
Union City, TN 38261

OPINION ON REMAND FILED _____

REVERSED; CONVICTION VACATED

DAVID H. WELLES, JUDGE

# OPINION ON REMAND

This certified question of law was remanded to us by the Tennessee Supreme Court for reconsideration in light of its opinion in State v. Stevens, 989 S.W.2d 290 (Tenn. 1999), clarifying when the presumption of reliability may be triggered by an affidavit pledging information gathered from a "citizen informant." Upon review of the court's decision in Stevens, we modify our opinion to reflect our decision that the affidavit sworn in this case fails to meet the standard to realize a presumption of reliability. Therefore, we reverse the order of the trial court overruling the motion to suppress, vacate the Defendant's conviction, and dismiss this case.

In the original opinion of this Court, penned by former Judge Paul G. Summers, we upheld the validity of the search based upon information provided in the affidavit sworn by Lieutenant Joey Radford of the Greenfield Police Department. That affidavit recounted,

> A citizen informant has been in the residence in the past 72 hours and has directly witnessed white powder substance, green plant material, paraphernalia, weapons, and contraband associated with the use of controlled substances. This citizen informant is familiar with controlled substances.

In addition, Radford checked a box next to the language, "The affiant has received information from a reliable citizen informant."

In Tennessee, when an affidavit sworn to procure a search warrant is supported by information provided by a confidential informant, a finding of probable cause requires a factual showing of (1) the basis of knowledge of the

informant, and (2) the reliability or veracity of the information or the informant. See State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989) (adopting the former federal jurisprudence of Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969)). However, the law of our state recognizes a distinction between information provided by citizen informants and by the type of professional, compensated informant from the "criminal milieu"—presuming the former information inherently reliable. State v. Melson, 638 S.W.2d 342 (Tenn. 1982). To be entitled to this presumption of a heightened degree of reliability, the face of the affidavit must demonstrate that the informant is not a "criminal" informant, but rather a concerned citizen.

Relying on Melson and its progeny, we affirmed the existence of probable cause sufficient to support the warrant in this case. See State v. James Norman Usery, No. 02C01-9805-CC-00154, 1998 WL 832354 (Tenn. Crim. App., Jackson, Dec. 2, 1998). However, in light of the Tennessee Supreme Court's opinion in State v. Stevens, 989 S.W.2d 290 (Tenn. 1999), we conclude that the affidavit does not establish probable cause due to its failure to satisfy the second Jacumin prong, veracity or reliability of the informant or the information.

In Stevens, officers obtained a search warrant based upon the following attested information:

> An adult concerned citizen source who is believed to be credible and liable [sic] and who resides in Henry County and has family ties to Henry County has told the affiant that they had seen methamphetamine being stored and cooked within 72 hours prior to the swearing of this affidavit at the above stated residence. The citizen told the affiant that they had seen several flask [sic], tubes, hot plate [sic] and several jugs sat [sic] up in the rear room of the

residence. The citizen told the affiant of the cooking process they had seen and the affiant having knowledge of the cooking process, believed the citizen to be reliable and truthful in their [sic] information. The citizen ask [sic] for no payment for their [sic] information and acted on civic duty. Based on the above stated information the affiant believes that Williams is cooking and storing methamphetamine at the said resident [sic]. The citizen source was furnished with the finished product of what they [sic] had seen being cooked and immediately turned over to Officer Wyrick and Officer Eaker. The product was field tested and product was found to be methamphetamine. The affiant asked that the search warrant be valid up to 48 hours for securing and execution of the search warrant to allow D.E.A. participation from agents outside the state.

Stevens, 989 S.W.2d at 292 (quoting the affidavit). The supreme court found this language insufficient to trigger the Melson presumption of reliability, noting that "[t]he affidavit contained only conclusory allegations that the informant was a 'concerned citizen source,' 'acted on civic duty,' and 'ask [sic] for no payment for their [sic] information.'" Id. at 294. Furthermore, stated the court, "There is no explanation as to why the citizen was in the house while methamphetamine was being cooked and/or why the citizen was 'furnished with the finished product.' . . . The unexplained circumstances warrant caution in determining whether the informant is a presumptively reliable citizen." Id.

Regarding an informant who is present while narcotics are being manufactured or packaged, for example, the Stevens court relied on the following passage from Professor LaFave:

> [A]s a general proposition it is an informant from the criminal milieu rather than a law abiding citizen who is most likely to be present under such circumstances. This is not to suggest that a person giving information about the location of narcotics may never qualify as a citizen-informer, for it is sometimes possible to show with particularity how a law-abiding individual

happened to come upon such knowledge. Rather, the point is that in such a case it should not be deemed sufficient that the police have alleged in a rather conclusory fashion that the person was "an individual who is neither a paid nor habitual informant," "a responsible citizen of utmost character and integrity" or "a reputable member of the community." Perhaps a more particularized showing of the law-abiding nature of the person supplying the information will suffice.

Id. at 294-95 (quoting Wayne R. LaFave, 2 Search and Seizure § 3.4(a) (3d ed. 1996) (first emphasis added in Stevens) (second emphasis in original) (footnotes omitted in Stevens). After deciding that the Melson standard did not apply, the supreme court held that under a traditional Jacumin standard, the affidavit was sufficiently reliable to establish probable cause to support the search warrant in that case. Id. at 295. The court based its finding of reliability on the allegation that a positive field test was performed on the narcotics given to the informant. Id.

In the case at bar, the information indicating that the informant was a "citizen-informant" does not meet the standard for a presumption of reliability according to Stevens. Lieutenant Radford provided no more than conclusory allegations that the information was furnished by a "citizen-informant known to the affiant." In addition, the lieutenant gave no explanation why the informant had been present in Defendant's residence and privy to the existence of white powder, drug paraphernalia, green plant material, weapons, and contraband associated with controlled substances.

Furthermore, resorting to a traditional Jacumin analysis of veracity or reliability, we find no allegation similar to that made in Stevens which would factually indicate the reliability of the informant or the information. The veracity

prong therefore has not been satisfied; and the search warrant issued in this case, pursuant to which the principal evidence in this case was seized, was not supported by probable cause.

Therefore, we must reverse the order of the trial court overruling the motion to suppress. We vacate the Defendant's conviction and remand this case to the trial court for dismissal of the indictment based upon lack of probable cause to support the search warrant.

_____
DAVID H. WELLES, JUDGE


CONCUR:


(Not Participating) _____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE