IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Remanded from Tennessee Supreme Court November 2, 2012

## STATE OF TENNESSEE v. KENNETH D. HUBANKS

**Appeal from the Circuit Court for Hardin County**
**No. 8561      C. Creed McGinley, Judge**

———————————————

**No. W2007-00906-CCA-R3-CD  - Filed June 6, 2013**

———————————————

This case presents an appeal to this Court after remand by order of the Tennessee Supreme Court. The Defendant, Kenneth D. Hubanks, appeals the trial court's denial of his motion to suppress evidence obtained during the execution of a search warrant at his residence. The Defendant entered a plea of *nolo contendre* to his charges, felony cocaine possesion, felony marijuana possession, and possession of drug parahernalia but reserved a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). In this appeal, the Defendant raises the issue of whether the affidavit upon which the search warrant was issued established probable cause to search his residence. After review, we hold no error occurred. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Lance R. Chism, Memphis, Tennessee (on appeal) and Daniel J. Mickiewicz, Memphis, Tennessee (on appeal and at plea hearing), for the Appellant, Kenneth D. Hubanks.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Hansel McCadams, District Attorney General; Eddie N. McDaniel, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

## A. Procedural Background

The Defendant pled *nolo contendre* to possession of intent to sell more than .5 grams of cocaine, possession with intent to sell more than one-half ounce of marijuana, and unlawful possession of drug paraphrenalia, reserving a certified question of law. On appeal, this Court dismissed the appeal because the Defendant failed to include in the judgment the reservation of a certified question in accordance with Tennessee Rule of Criminal Procedure 37(b)(2)(A). *State v. Hubanks*, W2007-00906-CCA-R3-CD, 2011 WL 4716285, at *3 (Tenn. Crim. App. Oct. 6, 2011). While the Defendant's case was pending in this Court, Rule 37(b)(2)(A) was amended to dispense with the requirement that a judgment refer to a separate document containing the certified question. The Supreme Court granted review of the Defendant's appeal to determine whether the amended Rule 37(b)(2)(A) applied retroactively. Upon concluding that the rule does apply retroactively due to the remedial nature of Rule 37(b)(2)(A), the Supreme Court remanded the case to this Court for consideration of the certified question of law on the merits.

## B. Factual Background

This case arises from the execution of a search warrant at the Defendant's residence that resulted in the seizure of cocaine, marijuana, and drug paraphernalia. A Hardin County grand jury indicted the Defendant for possession with intent to sell more than .5 grams of cocaine, possession with intent to sell more than one-half ounce of marijuana, and unlawful possession of drug paraphernalia. The Defendant moved to suppress the evidence seized during the search of his residence, challenging the probable cause basis for the search warrant. Specifically, the Defendant argued that the reliability and credibility of the confidential informant was not established in the affidavit. The trial court held a hearing on the motion to suppress.

At the suppression hearing, Joe Lambert, a Hardin County Sheriff's Department deputy, testified that he obtained a search warrant for the Defendant's residence from General Sessions Court Judge Danny Smith. The affidavit in support of the search warrant stated the following:

> Within the past three days a controlled purchase of marijuana was made from [the Defendant] at 259 Rockpile Ln. in Hardin County, TN. A confidential source was searched, fitted with a monitoring device, and given money which can be identified if found. The source was accompanied to the address with an agent from the 24th DTF. The agent observed the source enter the house trailer and a few minutes later a male white, identified by the agent as [the

Defendant], came outside and went inside a gray utility building and then came out carrying a white bag and entered the residence again. The affiant listened as the source and [the Defendant] discussed the sale of marijuana. This was consistent to what the agent outside was observing. The source returned to the agent and turned over a bag of green leafy substance that field tested positive for marijuana. The agent and the source met back with the affiant at a secure location where the source was searched again and the evidence turned over to the affiant by the agent. The source stated that they saw more of the substance in the residence.

Following the testimony, the trial court overruled the Defendant's motion, finding that the search warrant was not based on information from the confidential informant but on "actually what the officer monitored, listened, saw, and it's based [] directly upon this officer's knowledge under a controlled buy situation which provided probable cause for the issuance of the warrant."

After the denial of his motion to suppress, the Defendant entered a plea agreement with the State. As part of his plea, the Defendant reserved a certified question of law for appeal to this Court pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure. The Defendant's certified question of law contained in the plea agreement is:

> [W]hether the facts contained in the affidavit of the search warrant issued December 30, 2005, in this case, supported probable cause for the issuing of the warrant.

The trial court entered the plea and sentenced the Defendant in accordance with the plea agreement to eight years for felony cocaine possession, one year for felony marijuana possession, and eleven months and twenty-nine days for the misdemeanor paraphernalia conviction. The Defendant's eight-year sentence was to be suspended after service of 120 days in the county jail and one year to be served on Community Corrections. The Defendant's other sentences were suspended.

## II. Analysis
### A. Certified Question of Law

Because this appeal comes before us as a certified question of law, pursuant to Rule 37(b) of the Tennessee Rules of Criminal Procedure, we must first determine whether the question presented is dispositive. An appeal lies from any judgment of conviction upon a plea of guilty if the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved, with the consent of the State and the court or of the court alone, the right

3

to appeal a certified question of law that is dispositive of the case. Tenn. R. Crim. P. 37(b)(2)(A),(D); *see State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). Further, the following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

The Defendant has met these requirements. He pled *nolo contendre*, and the plea agreement, signed by the parties and the judge, listed the question that the Defendant maintains on appeal: "[W]hether the facts contained in the affidavit of the search warrant issued December 30, 2005, in this case, supported probable cause for the issuing of the warrant[?]" The plea agreement also stated that the parties and trial court agreed that the certified question is dispositive of this case.

We agree that the question included in the plea agreement is dispositive of the case. Thus, we conclude that the issue is properly before this Court.

### B. Affidavit in Support of Search Warrant

The Defendant contends that the search warrant and supporting affidavit failed to establish probable cause for the search of his residence. Specifically, he contends that the affidavit failed to sufficiently establish the veracity of the criminal informant that the police used during the controlled buy. The State responds that the affidavit sufficiently established

4

through police corroboration that the informant's information was reliable. We agree with the State.

The standard of review for a trial court's findings of fact and conclusions of law in a suppression hearing was established in *State v. Odom*, 928 S.W.2d 18 (Tenn. 1996). This standard mandates that "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." *Id*. at 23. The prevailing party in the trial court is "entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence." *Id*. Furthermore, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Id*. However, this Court reviews the trial court's application of the law to the facts *de novo*, without any deference to the determinations of the trial court. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001).

The trial court denied the Defendant's motion to suppress, stating:

[T]his is not a strict confidential informant [case]. This is actually what the officer monitored, listened, saw, and it's based directly upon this officer's knowledge under a controlled buy situation which provided the probable cause for the issuance of the warrant.

An affidavit establishing probable cause is an indispensable prerequisite to the issuance of a search warrant. *See, e.g.*, T.C.A. § 40-6-103 (2006); Tenn. R. Crim. P. 41(c); *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998); *State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992). Such probable cause "must appear in the affidavit [itself] and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant." *Moon*, 841 S.W.2d at 338; *see also Henning*, 975 S.W.2d at 295. To sufficiently make a showing of probable cause, an affidavit "must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched." *State v. Smith*, 868 S.W.2d 561, 572 (Tenn. 1993). A decision regarding the existence of probable cause requires that the affidavit contain "more than mere conclusory allegations by the affiant." *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn.1999); *see also Moon*, 841 S.W.2d at 338.

Furthermore, when "probable cause for a search is based upon information from a confidential informant, there must be a showing in the affidavit of both (1) the informant's basis of knowledge and (2) his or her veracity." *State v. Powell*, 53 S.W.3d 258, 262 (Tenn. Crim. App. 2000); *see also State v. Jacumin*, 778 S.W.2d 430, 432, 435–36 (Tenn. 1989) (utilizing the standard set out in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.

Ed .2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964)). To sufficiently make such showings, the affidavit must include facts permitting "the magistrate to determine: (1) whether the informant had a basis for his information that a certain person had been, was, or would be involved in criminal conduct or that evidence of crime would be found at a certain place" and (2) whether the informant is inherently credible or "the reliability of his information on the particular occasion." *Moon*, 841 S.W.2d at 338. Again, the courts have stressed that conclusory statements absent supportive detail will not suffice to establish these requirements. *See, e.g .*, *id.* at 339. However, "independent police corroboration" may compensate for such deficiencies. *See Jacumin*, 778 S.W.2d at 436; *Moon*, 841 S.W.2d at 340.

We agree with the trial court that the affidavit submitted in support of the issuance of the search warrant in this case is largely based on the police officer's observations. In *Moon*, this Court noted:

> the reliability of the investigating officer/affiant may be presumed by a magistrate, as may be the reliability of other investigating officers upon whom the affiant relies. Thus, no special showing of reliability is necessary when the information comes from such an officer.

*Moon*, 841 S.W.2d at 338 n.1. The affidavit in this case contains the police officer's observations, both visual and auditory, of the drug sale. The affidavit does state that the confidential informant observed additional marijuana in the residence which supports evidence of ongoing criminal activity. We note, however, that police also witnessed the Defendant leave his residence, go to a utility shed outside the residence, retrieve a white bag, and then return inside his home to complete the sale. This observation by the police corroborates the confidential informant's statement regarding ongoing criminal activity to establish probable cause.

We conclude that the magistrate issuing the search warrant was provided with ample information in the affidavit to make a practical, commonsense decision that there was a fair probability that evidence of a crime would be found at 259 Rockpile Ln. on December 30, 2005, and thus that the issuing magistrate in this case had a substantial basis for concluding that probable cause existed for the issuance of the search warrant.

### III. Conclusion

After a thorough review of the evidence and relevant authorities, we conclude that the trial court properly denied the Defendant's motion to suppress. Accordingly, the judgments of the trial court are affirmed.

6

_____
ROBERT W. WEDEMEYER, JUDGE