**STATE of Tennessee, Appellant,**

v.

**Tilford R. BALLARD, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Aug. 24, 1992.

Charles W. Burson, Atty. Gen. and Reporter, Clinton J. Morgan, Sp. Asst. Atty. Gen., Nashville, for appellant.

Mack Garner, Dist. Public Defender, Maryville, for appellee.

## OPINION

DROWOTA, Justice.

This case involves the constitutional sufficiency of an affidavit in support of a search warrant. Specifically, we address the "veracity" requirement for the use of confidential informants.

On April 13, 1989, Mr. Gene Noland was robbed at gunpoint in his North Carolina home. Approximately $52,000.00 in cash, guns, and jewelry were taken. While the record does not reflect the precise chronology of events, Detective Jim Widener of the Blount County Sheriff's Department ultimately became involved in the robbery investigation.

As a consequence of his investigation, Detective Widener, on February 1, 1990, applied for a warrant to search Defendant's automobile and residence. In his affidavit[1] alleging probable cause for the warrant, Detective Widener made the following affirmations: (1) He had received

---

1. Detective Widener's complete affidavit stated:

Personally appeared before me Det. Jim Widener and made oath that he has good ground and belief, and does believe that Tilford Ray Ballard & Annette Zimmerlee are in possession of the following described property, namely: certain items taken in the armed robbery of Mr. Gene Noland of Clyde, North Carolina during April of 1989—see attachment "A" for a list of valued items. (For continuation attach another sheet) to be searched for in accordance with the Laws of the State of Tennessee, upon the following described premises, namely: From the Alcoa Hwy and Singleton Station junction travel north .8 (⁸⁄₁₀) of a mile; turn right onto Wheeler Road and travel .2 (²⁄₁₀) of a mile to the first crossroads, turn right and travel .4 (⁴⁄₁₀) of a mile to an apartment complex on the left; the fourth apartment building on the left being a brick three story structure with four pillars in the front, this building being known as Windy Lakes Apartments, Building "V" (see continuation) Cont; travel upstairs at this Building "V" to apartment V–12; that being currently occupied by Tilford Ray Ballard and Annette Zimmerlee. The search to be conducted being upon the persons and property within the apartment and also upon a 1985 Lincoln Town Car, license number KFT–521; VIN1LNRP96FY715387, registered

to a Mr. James Ballard and currently under the control of and being operated by Mr. Tilford Ray Ballard and his reasons for such belief are that affiant has (received information from) SBI Agent Tim Shook from Waynesville, North Carolina, states that there was an armed robbery of a Mr. Gene Noland of Clyde, North Carolina during April of 1989. On 21 January 1990 a CI provided several items of jewelry to this officer and stated they came directly from a Mr. Tilford Ray Ballard's possession. On 30 January 1990 these items were showed to Mr. & Mrs. (over) Noland from Clyde, North Carolina. Several of these pieces were identified as "cheap" items which belonged to them but were taken during the robbery in April. Furthermore, within the past 72 hours a CI has been in the residence of Tilford Ballard and Annette Zimmerlee and observed several items of jewelry. Among these was a charm off of a bracelet in the shape of a gold outhouse with a little man sitting inside with a catalog. Mrs. Noland stated to this officer on 30 January that she was missing a charm bracelet with a similar gold charm on it (i.e. a man in an outhouse).

He therefore complains and asks that a warrant issue to search the persons(s) and premises of the said Tilford Ray Ballard and Annette Zimmerlee above describe in said County, where he believes said personal property is now possessed.

information from the North Carolina police that a Mr. Gene Noland of Clyde, North Carolina had been robbed; (2) He had, on January 21, 1990, received certain jewelry from a confidential informant, who stated the jewelry came from Defendant; (3) Mr. and Mrs. Noland, on January 30, 1990, identified this jewelry as having been taken during the robbery; (4) Mrs. Noland, on January 30, 1990, told him that one of the items missing was a gold charm in the shape of an outhouse with a man inside; and (5) He had recently received information from a confidential informant stating that the confidential informant had been in Defendant's residence and had observed a gold charm in the shape of an outhouse with a little man inside.

Based on Detective Widener's affidavit, a warrant was issued, and a search of Defendant's automobile and residence was conducted. Pursuant to this search, various pieces of jewelry and numerous suspected burglary tools were seized. Defendant was subsequently indicted for possession of burglary tools and theft of property valued over $1,000.00.

The trial court denied Defendant's motion to suppress the seized evidence, holding that it had been seized pursuant to a valid warrant. At trial, Defendant was convicted, fined $7,000.00, and sentenced to four years in the Department of Correction.

On appeal, a majority of the Court of Criminal Appeals reversed Defendant's convictions, finding that the affidavit in support of the search warrant was defective in that it did not sufficiently establish the credibility or reliability of the confidential informant. Judge Franks, dissenting, was of the opinion that the confidential informant's credibility had been established by sufficient corroboration. Because we find that the affidavit contained a sufficient basis upon which the magistrate could conclude that the informant's information was reliable, the judgment of the Court of Criminal Appeals is reversed, and the Defendant's conviction is reinstated.

■ The sole question presented is whether Detective Widener's affidavit, which was based on information from a confidential informant, sufficiently established the probable cause necessary for the issuance of the resulting search warrant. While our standard of review is limited to determining whether the issuing magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, *State v. Jacumin*, 778 S.W.2d 430, 432 (Tenn.1989) (citing *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)), the Tennessee Constitution requires that this "substantial basis," in cases where an affiant relies on hearsay information from a confidential informant, must be grounded on the two-pronged showing enunciated by *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, *supra*. *See id.* 393 U.S. at 436, 89 S.Ct. at 599. Accordingly, the magistrate must be informed of both (1) the basis for the informant's knowledge, and either (2)(a) a basis establishing the informant's credibility or (2)(b) a basis establishing that the informant's information is reliable. *See id.* at 432, 89 S.Ct. at 597. Probable cause may not be found until both prongs have been independently considered and satisfied. *See id.* at 436, 89 S.Ct. at 599.

The Court of Criminal Appeals held that the affidavit fully satisfied the "basis of knowledge" prong. We agree. However, the Court of Criminal Appeals held that the affidavit "mention[ed] no fact from which the magistrate could measure ... the reliability of the informant." We disagree.

■ The second ("veracity") prong requires showing some basis for either the *informant's* credibility or the *information's* reliability. Here, an informant told Detective Widener of having seen a unique piece of jewelry, the gold outhouse, in Defendant's possession. The informant's description of the unique jewelry matched the description given by the victims. The victims' independent corroboration of the unique facts described by the informant was a sufficient basis upon which the magistrate could conclude that the informant's

*information* was reliable. The "veracity" prong was thus satisfied.

Because the affidavit was sufficient to establish probable cause for concluding Defendant was in possession of stolen jewelry, the search warrant issued on this basis was valid. The judgment of the Court of Criminal Appeals is reversed, and the Defendant's conviction is reinstated.

Costs of this appeal are taxed to Defendant.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.