IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 1, 2005

## STATE OF TENNESSEE v. STEVE CORNELL SNIPES

**Direct Appeal from the Circuit Court for Haywood County**
**No. 5204     Clayburn L. Peeples, Judge**

_____

**No. W2004-01619-CCA-R3-CD  - Filed May 5, 2005**

_____

The defendant, Steve Cornell Snipes, pled guilty in the Haywood County Circuit Court to possession of over .5 grams of a Schedule II controlled substance with the intent to deliver or sell, a Class B felony, and was sentenced as a Range I, standard offender to eight years in the Tennessee Department of Correction.  As a condition of his guilty plea, the defendant sought to reserve as a certified question of law whether the trial court erred in finding that the affidavit supporting the search warrant set forth sufficient facts establishing the credibility of the confidential informant.  Based on our review, we affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Michael W. Whitaker, Covington, Tennessee, for the appellant, Steve Cornell Snipes.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Garry Brown, District Attorney General; and Jerald M. Campbell, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On September 29, 2003, based on information supplied by a confidential informant, Detective Sergeant Bryant Nichols presented an affidavit to Haywood County General Sessions Judge J. Roland Reid, who issued a search warrant for the defendant's residence in Brownsville for the purpose of finding and confiscating "cocaine, marijuana, and any and all paraphernalia related to the packaging, storage, sale, and/or distribution of cocaine and marijuana."  Following execution of the warrant and the search of the defendant's home on October 3, 2003, the defendant was arrested, and on November 17, 2003, the Haywood County Grand Jury charged him in a four-count

indictment with possession of 26 grams or more of a Schedule II controlled substance (cocaine) with intent to sell or deliver; possession of a Schedule II controlled substance (hydrocodone) with intent to manufacture, deliver, or sell; possession of a Schedule VI controlled substance (marijuana) with intent to deliver or sell; and possession of drug paraphernalia. Thereafter, the defendant filed a motion to suppress all evidence obtained as a result of the search of his home, contending that the affidavit failed "to address or mention whether the 'reliable informant['] is (a) another police officer [or] (b) [a] paid informant acting as agent for law enforcement" and that the language of the affidavit is "vague, conclusory and is a 'pattern' search warrant issued routinely." Additionally, he argued that the affidavit failed to contain factual information concerning the confidential informant's "basis of knowledge and credibility."[1]

At the May 17, 2004, suppression hearing, the parties presented arguments on the motion without testimonial evidence.[2] Defense counsel asserted that the affidavit contained "patently boiler plate" language and that it failed to "adequately identify the informant or why he is credible." The State responded that the affidavit set forth sufficient information concerning the confidential informant, such that a finding of probable cause by the issuing magistrate was proper. At the conclusion of the hearing, the trial court denied the defendant's motion to suppress the evidence, finding that the affidavit, "by bare minimum," established probable cause for the issuance of the search warrant. On the same day, the defendant negotiated a plea agreement with the State whereby he agreed to plead guilty to possession of more than .5 grams of a Schedule II controlled substance (cocaine) with intent to deliver or sell, a Class B felony, in exchange for an eight-year sentence, and the dismissal of the remaining counts of the indictment. The transcript of the defendant's guilty plea hearing, as well as the written guilty plea agreement, reflects that the defendant's guilty plea was also conditioned upon his right to appeal as a certified question of law whether the trial court erred in finding that the affidavit sufficiently established the credibility or reliability of the confidential informant.

---

[1]A facsimile copy of the "Motion to Suppress Evidence" bearing the clerk's stamp is stapled to the technical record. Normally, this would not constitute part of the record on appeal, and we would be precluded from examining the motion. However, as the State and the trial court have agreed that the defendant has properly reserved and certified the question on appeal, and because the record contains the transcript of the hearing on the motion to suppress, we will take notice of the motion.

[2]The assistant district attorney general stated to the court at the suppression hearing that the officer would not be testifying because the State was under the impression that the matter would be submitted "on briefs." Defense counsel agreed that the presence of the affiant officer was not required, as the defendant's motion concerned "the Search Warrant itself."

## ANALYSIS

Although not referenced on the judgment form entered on May 17, 2004, the trial court entered a "Judgment and Order Reserving Certified Question for Appeal"[3] on June 25, 2004, which states in pertinent part:

> This cause came on to be heard on May 17, 2004, wherein the Defendant presented and argued a motion to suppress based on the insufficiency of the affidavit as to the reliability of the informant in support of a search warrant.
>
> It was stipulated that the motion to suppress was dispositive of the case.
>
> The Court denied the motion to suppress whereupon the Defendant indicated that he wished to plead guilty to the offense of possession of controlled substances with intent to sell, and the Court sentences him to eight years at 30% and a $2,000.00 fine.
>
> The Defendant expressly reserved the certified question and that question was dispositive of the case.
>
> The Attorney General and the Court agree that the Defendant has properly reserved the certified question, specifically:
>
> *Did the affidavit of the officer set forth sufficient facts upon which the credibility or reliability of the confidential informant could be weighed by the issuing magistrate?*
>
> The certified question was expressly reserved as part of the plea agreement per TRCP 37(b)(2) and was dispositive of the Defendant's case.

When this court reviews a trial court's ruling on a motion to suppress evidence, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The party prevailing at the suppression hearing is afforded the "strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from

---

[3] The only reference on the May 17, 2004, judgment form to the certified question of law is in the "Special Conditions" section and reads: "Defendant can be released upon making a $10,000.00 appeal bond on search warrant issue." However, any defect in the judgment form with respect to his issue was cured by the filing of the order certifying the question of law on June 25, 2004, prior to the filing of the defendant's notice of appeal, while the trial court maintained jurisdiction in the case. Although we have previously expressed our opinion that "[t]he better practice . . . would have been for the judgment form to reference the trial court's order certifying the question of law," we nonetheless conclude that the defendant has properly certified his question of law for appeal. See State v. Paul Anthony Wright, No. W2001-02574-CCA-R3-CD, 2003 WL 1860526, at *6 (Tenn. Crim. App. Apr. 7, 2003).

that evidence." State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998). The findings of a trial court in a suppression hearing are upheld unless the evidence preponderates against those findings. See id. However, the application of the law to the facts found by the trial court is a question of law and is reviewed *de novo*. See State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

Under both the Tennessee and United States Constitutions, no search warrant may be issued except upon probable cause, which has been defined as "a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." State v. Henning, 975 S.W.2d 290, 294 (Tenn. 1998). Tennessee requires a written and sworn affidavit, "containing allegations from which the magistrate can determine whether probable cause exists," as "an indispensable prerequisite to the issuance of a search warrant." Id. Moreover, the affidavit must contain more than mere conclusory allegations on the part of the affiant. Id. A finding of probable cause made by an issuing magistrate is entitled to great deference. State v. Yeomans, 10 S.W.3d 293, 296 (Tenn. Crim. App. 1999) (citing State v. Melson, 638 S.W.2d 342, 357 (Tenn. 1982), cert. denied, 459 U.S. 1137, 103 S. Ct. 770, 74 L. Ed. 2d 983 (1983)). Therefore, the standard to be employed in reviewing the issuance of a search warrant is "whether, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause." State v. Meeks, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993) (citing State v. Jacumin, 778 S.W.2d 430, 431-32 (Tenn. 1989)).

In State v. Valentine, 911 S.W.2d 328 (Tenn. 1995), our supreme court set out the principles which we must apply in testing the search warrant affidavit when the information relied on by the affiant to establish probable cause is provided to the affiant by a confidential informant:

> In order for a search warrant to meet constitutional requirements under Article I, Section 7, of the Tennessee Constitution, the warrant must comply with the two-pronged standard voiced in Aguilar v. Texas and Spinelli v. United States. State v. Jacumin, 778 S.W.2d 430 (Tenn. 1989). The two prongs of the Aguilar-Spinelli test are usually referred to as the "basis of knowledge" prong and the "veracity" prong.

Id. at 330 (footnotes omitted). In State v. Ballard, 836 S.W.2d 560 (Tenn. 1992), our supreme court articulated that Jacumin required a showing of "both (1) the basis for the informant's knowledge, and either (2)(a) a basis for establishing the informant's credibility or (2)(b) a basis establishing that the informant's information is reliable." Id. at 562.

Detective Sergeant Bryant Nichols' affidavit for search warrant states in pertinent part as follows:

> Personally appeared before me, Det. Sgt. Bryant Nichols and makes oath that he has reason to believe that there is probable cause for believing that Steve Snipes is/are in possession of the following described property, to-wit: cocaine, marijuana, and any and all paraphernalia related to the packaging, storage, sale, and/or distribution of cocaine and marijuana[] contrary to the laws of the State of Tennessee,

-4-

. . . and his reasons for such belief are that affiant has received information from a confidential and reliable informant, who has given information on a past occasion that has lead [sic] to a narcotic related arrest and a seizure of narcotics, that said informant has been to the above described residence within the past 72 hours, and has observed a large quantity o[f] cocaine and marijuana at said residence. Said informant has observed Steve Snipes in possession of said narcotics. This offense did occur in Haywood County, Tennessee.

In denying the motion to suppress, the trial court made the following findings of fact and conclusions of law:

THE COURT: As I see the question it is this. If the police are given information by someone who has given them accurate information before about narcotics which has led to, in this case, to further establish the accuracy, does that one previous occasion of giving accurate information give the police the right to get a search warrant based on nothing more. Now, is that the question?

[DEFENSE COUNSEL]: I think it's broader than that, but that's sufficiently framed because I think that would have to be answered in the defendant's favor in this case. There's no corroboration of why or who this man is. That alone is not enough.

. . . .

THE COURT: What the Magistrate's doing is looking to see if the words establish probable cause.

[Defense counsel], I think by bare minimum they do in this case, so I'm overruling your motion.

In his certified question of law, the defendant does not attack the confidential informant's "basis of knowledge."[4] However, he does assert that the affidavit is deficient in that it does not set forth sufficient facts to establish the confidential informant's credibility or reliability.

The affidavit's description of the informant as "confidential and reliable" is a conclusory allegation which fails to demonstrate to the issuing magistrate either the informant's inherent reliability or reliability on that particular occasion. See Valentine, 911 S.W.2d at 329. However, the affidavit further states that the informant "has given information on a past occasion that has lead

---

[4]We note that the affidavit, which recites that the informant had been within the premises to be searched within the seventy-two hours prior to the search warrant application and that the informant observed a large quantity of cocaine and marijuana in the premises, and in the possession of the defendant, satisfies the "basis of knowledge" prong of the Aguilar-Spinelli test. See State v. Moon, 841 S.W.2d 336, 339 (Tenn. Crim. App. 1992); William J. Logan v. State, No. 03C01-9808-CR-00287, 1999 WL 1018187, at *11 (Tenn. Crim. App. Nov. 10, 1999), perm. to appeal denied (Tenn. Feb. 28, 2000).

[sic] to a narcotic related arrest and a seizure of narcotics." We agree with the trial court that this language minimally establishes the credibility of the informant and is most akin to the language examined in State v. Hilliard, 906 S.W.2d 466, 468 (Tenn. Crim. App. 1995), in which the affidavit supporting the search warrant contained the following statement, which we held satisfied the "veracity" prong of the Aguilar-Spinelli test: "[t]he confidential informant has given information in the past which resulted in the arrest and convictions of known drug dealers on several occasions." See also Moon, 841 S.W.2d at 339 (stating that "[o]rdinarily, the general credibility of an informant has been shown by his having previously given relevant information to law enforcement which has proven to be reliable"); State v. Thomas, 818 S.W.2d 350, 353 (Tenn. Crim. App. 1991) (in which the "veracity" prong was satisfied by the following language in the affidavit: "Information received from said informant in the past has resulted in the confiscation of illeg[a]l drugs and two convictions in a court of law.").

## CONCLUSION

We conclude that the evidence fully supports the trial court's finding that probable cause was established by information received from a credible confidential informant for the search warrant for the defendant's property. Accordingly, we affirm the order of the trial court.

_____
ALAN E. GLENN, JUDGE