IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 26, 2014

**STATE OF TENNESSEE v. RANDALL SCOTT MCCOY**

**Appeal from the Criminal Court for Sullivan County**
**No. S58682     R. Jerry Beck, Judge**

---

**No. E2013-02138-CCA-R3-CD - Filed May 27, 2014**

---

Randall Scott McCoy ("the Defendant") pleaded guilty to one count of sexual exploitation
of a minor, a Class B felony, and was sentenced to eight years' incarceration. The Defendant
reserved a certified question of law concerning the trial court's denial of his motion to
suppress evidence. Upon our thorough review of the record and applicable law, we affirm
the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN
and ROGER A. PAGE, JJ., joined.

Matthew A. Spivey and Richard A. Spivey, Kingsport, Tennessee, for the appellant, Randall
Scott McCoy.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney
General; H. Greeley Wells, Jr., District Attorney General; and Julie R. Canter, Assistant
District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

The Defendant was charged in Sullivan County with one count of sexual exploitation
of a minor. The State alleged that the Defendant "did unlawfully, feloniously and knowingly
possess materials that include a minor engaged in sexual activity and simulated sexual
activity that is patently offensive, and the number of materials and individual images
involved exceed one hundred (100), in violation of Tennessee Code Annotated, Section 39-
17-1003, a Class B felony." This charge arose out of a "sting" operation in which it posted

an online query from a purported underage male, and the Defendant responded with e-mails. After the Defendant was arrested in Blount County on the charge of solicitation of a minor to commit aggravated statutory rape, the State obtained a search warrant and seized the Defendant's home computer, among other things. The ensuing search of the Defendant's computer revealed the images that formed the basis of the Defendant's instant conviction.

The Defendant filed a motion to suppress "any and all evidence seized" from his residence. After a hearing, during which no proof was adduced other than the search warrant and the supporting affidavit, the trial court denied the Defendant's motion. The trial court also denied the Defendant's request to seek an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The Defendant then pleaded guilty to one count of sexual exploitation of a minor. At the plea acceptance hearing, the State provided the following factual basis for the plea:

> Had Case S58682 proceeded to trial the State would have offered evidence that an investigation began on June 15th, 2010, in which the Blount County Sheriff's Department posted an ad on the Web site Craigslist in the "Men Seeking Men" personal section which is used to often respond to personal ads.

> The posted ad was that of a very young Asian male looking to experiment. The persona was of a 15-year-old Asian male living in Alcoa, Tennessee, named Jason. This persona was created by law enforcement for the purposes of identifying individuals that are soliciting minors online to engage in sexual acts.

> On June 16th, 2010, there was a response from a subject with the E-mail address of [deleted], later identified as [the Defendant]. The message stated, "Would love to chat with you. I like younger guys. I think Asian guys are hot. I am 47 but look younger than my age. 6' 3", 195 pound. Pics to trade. I live in Kingsport. Can travel, host or meet somewhere."

> On June 17th, 2010, Investigator Nicholson, posing as the 15-year-old, sent an E-mail to [the Defendant] advising he was 15, but almost 16 years of age. After this there were numerous E-mails sent from the Defendant to the persona of "Jason," and on the third message he listed his telephone number as [deleted].

> Eventually, as phone conversations progressed, a meeting was set up in which on June 29th, 2010, the Defendant . . . drove from Sullivan County to meet Jason, the undercover police officer posing as a minor, at 2909 Old

Knoxville Highway in Blount County. Agents with the Blount County HEAT Unit and affiliated law enforcement conducted a sting operation on [the Defendant].

At that time Deputy Andrew Bowman, acting as the underage minor named Jason, waited in public for [the Defendant] to arrive and meet. [The Defendant] advised in an E-mail that he would be driving a blue Acura. [The Defendant] pulled up to 2909 Old Knoxville Highway driving a blue Acura. At this point in time he was taken into custody and advised on his Miranda rights.

In the course of their investigation officers with the Blount County Sheriff's Department traveled to Kingsport, Tennessee, and at that time the Kingsport Police Department became involved in the investigation, and a search warrant was written to obtain the computer, electronic storage media located at the Defendant[']s . . . residence located at [deleted].

. . . .

The search warrant was executed in Sullivan County on June 30th, 2010. After a forensic analysis was performed on the computer, images of underage boys engaged in anal intercourse as well as other sexual acts and lewd and lascivious states of nudity were recovered, and the number of images recovered from the Defendant's computer exceeded 100.

The Defendant was last in possession of the computer which contained over 100 images of child pornography on June 30th, 2010, and this was at his residence . . . in Kingsport, within the county boundaries of Sullivan County.

The Defendant stipulated to these facts.

In conjunction with pleading guilty, the Defendant reserved the following certified question of law:

Whether the Trial Court erred in denying the Defendant's Motion to Suppress the search warrant obtained in Sullivan County, Tennessee on June 30, 2010 and the resulting search of the Defendant's computer(s) and electronic devices due to the lack of an insufficient [sic] nexus between the facts alleged, the materials seized, and the resulting search of the Defendant's computer(s) and electronic devices as there were no exigent circumstances and the materials seized did not relate to the charges alleged in the affidavit

supporting the search warrant (e.g. T.C.A. 39-13-528 solicitation of a minor which was alleged to have taken place in Blount County, Tennessee), effectively resulting in a violation of the Defendant's rights under Tennessee and Federal law related to unconstitutional searches and seizures. The State, Court and Defendant agree that this is a dispositive question of law pursuant to Rule 37.

The Defendant also asks this Court to conclude that his constitutional rights were violated by the trial court's refusal to allow him to offer proof at the hearing on his motion to suppress.

## Analysis

### *Certified Question of Law*

Initially, the State contends that the certified question is "overly broad" and, therefore, does not meet the stringent requirements for this Court's consideration of certified questions. See Tenn. R. Crim. P. 37(b)(2); State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996) (citations omitted); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). However, while we agree that the Defendant's certified question could have been drafted with more particularity, we deem it sufficient to set forth the dispositive issue: whether the trial court erred in denying the Defendant's motion to suppress the evidence obtained pursuant to the search warrant because the affidavit supporting the search warrant did not establish a sufficient nexus between the Defendant's alleged criminal behavior and the items sought. Accordingly, we will address the Defendant's certified question on the merits.

Our supreme court has explained that, in order to establish probable cause for the issuance of a search warrant, the underlying affidavit "must set forth facts from which a reasonable conclusion might be drawn that the evidence is in the place to be searched." State v. Smith, 868 S.W.2d 561, 572 (Tenn. 1993) (citations omitted). "The nexus between the place to be searched and the items to be seized may be established by the type of crime, the nature of the items, and the normal inferences where a criminal would hide the evidence." Id. (citation omitted); see also State v. Saine, 297 S.W.3d 199, 206 (Tenn. 2009) (recognizing that an affidavit in support of a search warrant "must show a nexus among the criminal activity, the place to be searched, and the items to be seized") (citing State v. Reid, 91 S.W.3d 247, 273 (Tenn. 2002); Smith, 868 S.W.2d at 572)). "In determining whether probable cause supports the issuance of a search warrant, reviewing courts may consider only the affidavit and may not consider other evidence provided to or known by the issuing magistrate or possessed by the affiant." Id. (citing State v. Carter, 160 S.W.3d 526, 533 (Tenn. 2005)).

The affidavit at issue in this case was prepared by Detective Frank Light of the Kingsport Police Department ("KPD"), and he averred that he was a twenty-year veteran of the KPD and had "handled numerous cases involving crimes against children." He also averred that he would be "assisted by members of the Blount County Sheriff's Office's Hi-Tech Evidence and Technology Unit (H.E.A.T.)." The affidavit that Det. Light submitted to the magistrate was six pages long and contained twenty-one numbered paragraphs. The affidavit was detailed and comprehensive, and it sought a warrant to search the "computers and electronic storage media" belonging to the Defendant and located at his residence on the basis that there was

> probable cause to believe that the computer(s), electronic storage media at this location is [sic] storing [m]aterial and devices aiding in the offense of Solicitation of a Minor for Aggravated Statutory Rape; any equipment, devices, records, computers, computer storage discs, VHS tapes and video playing devices, to include the seizure of computers to examine and retrieve such images, communications, records, books or documents adapted and used for the purpose of committing the above mentioned crimes or used in furtherance of a conspiracy, or recording transactions involving evidence thereof, any indicia of ownership, dominion, or control over the premises to be searched including rental receipts, mortgage payments, utility bills, photographs of any persons involved in the criminal conduct, all financial records pertaining to the disposition of the proceeds of the violation of the criminal laws specified above, and all of the above records, whether stored on paper, on magnetic media such as tape, cassette, disk, diskette or on memory storage devices such as optical disks, programmable instruments such as telephones, voice mail, answering machines, electronic address books, calculators, or any other storage media, together with indicia of use, ownership, possession, or control of such records, and any goods or personal property, including US currency or negotiable instruments, constituting proceeds of a violation of the aforesaid laws or funds used to facilitate the same, and any evidence or items which would be used to conceal the forgoing or prevent its discovery. Moreover, as set forth below, there is probable cause to believe that this property will contain evidence or tends to demonstrate that said person participated in the commission of violations of Tenn. Code Ann. § 39-13-528 (Solicitation of a Minor).

Det. Light averred a great deal about the capabilities and uses of personal computers, including the following: "<u>Computer Graphic Files</u>: Computer graphic files were photographs that have been digitized into computer binary format, or were photographs taken with a 'digital' film-less camera that instantly creates the image in computer binary format.

Once in this format the graphic file can be viewed, copied, transmitted, and/or printed." Det. Light also averred the following:

6. My basis for believing that [the Defendant] is in violation of Tenn. Code Ann. § 39-13-528 (Solicitation of a Minor) described herein are in the above stated location [sic] and that these records are evidence of said violation of criminal law are as follows:

7. On 06/15/2010 Investigator John Nicholson, with the Blount County Sheriff's Office's Hi-Tech Evidence and Technology Unit (H.E.A.T.), posted an ad on the website Craigslist in the men seeking men personal section. Craigslist is a website where users post advertisements to sell goods and services, look for housing, seek employment, or meet people with similar interests. Other users respond to those ads through electronic mail. Craigslist also has personal sections were [sic] users can post advertisements of themselves to other users. The personal section is used for social contact and some users do post and respond to advertisements with the intent to engage in sexual activity. The posted ad was of a very young Asian male looking to experiment. The persona was of a fifteen year old Asian male living in Alcoa, TN named Jason. This persona was created by law enforcement for the purpose of identifying individuals that are soliciting minors online to engage in sexual acts.

8. On 06/16/2010 there was a response from a subject with the email address of [deleted], later identified as [the Defendant], stating: ["]Would love to chat with you. I like younger guys. I think asian guys are hot I am 47 but look younger than my age. 6ft 3in 195 lbs. *Pics to trade.* I live in Kingsport. Can travel, host or meet somewhere.["] On 06/17/2010 Investigator Nicholson, posing as the fifteen year old, sent an email to [the Defendant] advising he was 15 but almost 16 years of age. After this there were more emails sent from [the Defendant] to "Jason" and on the third message he listed the telephone number of [deleted].

9. On 06/21/2010 a picture of the undercover posing as "Jason" was emailed to [the Defendant], on the same date [the Defendant] sent a self photo of himself to the undercover persona. In order to send an image electronically, the image must be stored electronically on a computer or on some form of electronic storage media. The image depicted [the Defendant] sitting in the front seat of an automobile. This image is further evidence that connects [the Defendant] with the crime of solicitation of a minor and identifies him as the perpetrator.

10. On 06/23/2010 the persona of "Jason," played by Deputy Andrew Bauman,[1] called the number and made contact with [the Defendant], after a short period the conversation became sexual in nature. The initial phone call lasted approximately seven minutes. There were approximately seven more calls made from [the Defendant] to "Jason" ranging between thirty seconds and just over four minutes, due to a malfunction of [the Defendant's] cellular phone. During one of the calls when asked what type of activities they might engage in, oral sex was discussed, as well as possibly engaging in other sexual acts. The two discussed meeting in person on 06/29/2010 at 1100 hours at the address of 2909 Old Knoxville Highway. On 06/29/2010 there was another phone call in which meeting and engaging in sexual activity was discussed.

11. On 06/29/2010 [the Defendant] drove from Sullivan County to meet "Jason" at 2909 Old Knoxville Hwy., in Blount County. Agents with the Blount County HEAT Unit and affiliated law enforcement conducted a sting operation on [the Defendant]. Deputy Andrew Baumann [sic], acting as "Jason" waited in public for [the Defendant] to arrive and meet. [The Defendant] advised in an email that he would be driving a blue Acura. [The Defendant] pulled up to 2909 Old Knoxville Hwy. driving a blue Acura. He was taken into custody for suspicion of solicitation of a minor for aggravated statutory rape.

(Emphasis and footnote added).

At the suppression hearing, the trial court did not allow the defense to call witnesses or to make an offer of proof that law enforcement "were not looking for child pornography, they were looking only for connection to a 14 or 15-year-old persona of an Asian boy." After reviewing the affidavit and listening to the arguments of counsel, the trial court ruled from the bench as follows:

Police department was conducting an investigation. They set up a sting. They had a picture of a young Asian boy, put it out there for the world to see, so to speak, and the Defendant is allegedly solicited [sic] that person of the persona, I guess, what he believed to be a child. I'm not sure it was a child.

And then they had communications over the Internet with the child, and the Defendant is alleged to have been involved in that conversation. And I use the term broad – "communication" broadly to include photographs, speaking

---

[1] The transcript of the plea acceptance hearing spells this name "Bowman."

about his height, weight, his age, he looks younger, all that stuff, than he really is.

That as a result of that they set up a meeting with the young Asian boy down in the Old Knoxville Highway, I take it in Blount County, Tennessee. The Defendant shows up, then they arrest him.

Now, the police in Blount County knows [sic] that he's communicating with the young Asian boy by way of a computer, and a phone number's on there, and there was a computer address, I believe, also indicated in the search warrant that they had.

E-mail address.

And a reference to Kingsport.

That's in there. It's all in there.

Now, the police would have ever [sic] justification to try to recover that computer, if for no other reason, to secure evidence available in Blount County. Now, they believed, whether it was a valid belief or a nonvalid belief, I don't mean from a standpoint of a lie but from the standpoint of what was revealed, that it then became a search like we've seen around the United States for 100 years.

In other words, that is, if the police have a – if they're there legally to get the search warrant, they're authorized to look . . . at the computer and in the computer for information contained therein, legitimately searching for a – the address, the E-mail address, and they happen to see something else; it's fair game.

In sum, the trial court denied the Defendant's motion to suppress. The Defendant now challenges the trial court's ruling on the basis that the affidavit supporting the search warrant did not establish a sufficient nexus between the items sought to be seized and searched and the Defendant's alleged criminal conduct of soliciting a minor for aggravated statutory rape.

In essence, the Defendant is challenging the trial court's conclusion that the affidavit established probable cause for the issuance of the search warrant. As our supreme court has explained,

> Probable cause requires reasonable grounds for suspicion, supported by circumstances indicative of an illegal act. To ensure that the magistrate [to whom is presented the affidavit seeking the search warrant] exercises independent judgment, the affidavit must include more than conclusory allegations from the affiant. The affidavit must present facts upon which a neutral and detached magistrate, examining the affidavit in a commonsense and practical manner, can determine whether probable cause exists for the issuance of a search warrant. In examining the affidavit, our standard of review is limited to a determination of whether the issuing magistrate had "a substantial basis for concluding that a search would uncover evidence of wrongdoing."

State v. Smotherman, 201 S.W.3d 657, 662 (Tenn. 2006) (internal citations omitted) (quoting State v. Ballard, 836 S.W.2d 560, 562 (Tenn. 1992)).

We hold that the averments contained in the affidavit submitted in support of the search warrant satisfied the nexus requirement between the Defendant's suspected criminal activity of solicitation and his computer and related electronic media. As to the offense of solicitation, Tennessee Code Annotated section 39-13-528 provides that

> [i]t is an offense for a person eighteen (18) years of age or older, by means of oral, written or electronic communication, electronic mail or Internet services . . . to intentionally command, request, hire, persuade, invite or attempt to induce a person whom the person making the solicitation knows, or should know, is less than eighteen (18) years of age, or solicits a law enforcement officer posing as a minor, and whom the person making the solicitation reasonably believes to be less than eighteen (18) years of age, to engage in conduct that, if completed, would constitute a violation by the soliciting adult of . . . [s]tatutory rape.

Tenn. Code Ann. § 39-13-528(a)(7) (2010). Statutory rape is "the unlawful sexual penetration of a victim by the defendant or of the defendant by the victim when . . . [t]he victim is at least fifteen (15) but less than eighteen (18) years of age and the defendant is more than five (5) but less than ten (10) years older than the victim." Id. § 39-13-506(b)(2) (2010). Statutory rape is aggravated when, as in this case, the (purported) victim is at least thirteen years old but less than eighteen years old and the accused "is at least ten (10) years older than the victim." Id. at § -506(c).

Here, the Defendant used a computer to access the internet and establish communication with the victim. Significantly, in the Defendant's initial email to the victim, the Defendant not only described his physical appearance but also told the victim that he had "[p]ics to trade." The Defendant subsequently e-mailed a digital photograph of himself to the victim. Clearly, the Defendant had the capability and intention of e-mailing digital photographs to the victim. The Defendant's telephone conversations with the victim established that the Defendant's interest in the victim was sexual. Thus, the Defendant's representation to the victim that he had "[p]ics to trade" supported the inference that the Defendant had other digital photographs that he considered enticing to underage boys "looking to experiment" in a sexual manner.

These averments were more than sufficient to establish a nexus between the Defendant's alleged criminal activity of soliciting a minor to participate in aggravated statutory rape and the Defendant's computer and any photographic images the Defendant stored there. Thus, the issuing magistrate had a substantial basis for concluding that a search of the Defendant's computer would uncover evidence of the Defendant's attempts to solicit underage males to engage in aggravated statutory rape. Accordingly, the trial court did not err in denying the Defendant's motion to suppress on the basis of an "insufficient nexus." The Defendant is entitled to no relief on the basis of his certified question of law.

*Denial of Offer of Proof*

Although not submitted as a certified question, the Defendant also asks us to conclude that the trial court violated his constitutional rights by not allowing him to call witnesses or make an offer of proof at the suppression hearing. We agree with the State that this issue is not properly before us. The trial court and the State did not consent to the reservation of this issue as a certified question of law. See Tenn. R. Crim. P. 37(b)(2)(A)(iii). Accordingly, we may not consider it as such. Moreover, "the voluntary entry of an informed and counseled guilty plea constitutes an admission of all facts necessary to convict and waives all non-jurisdictional defects and constitutional irregularities which may have existed prior to the entry of a guilty plea." State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citations omitted). Therefore, the Defendant is not entitled to relief on this basis.

## Conclusion

We hold that the trial court did not err in denying the Defendant's motion to suppress on the basis of an insufficient nexus. Accordingly, we answer the Defendant's certified question in the negative. Having determined that the Defendant is not entitled to relief on the basis of his certified question, we affirm the trial court's judgment.

_____
JEFFREY S. BIVINS, JUDGE