IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2015

**STATE OF TENNESSEE v. DONNA MARIE CHARTRAND**

**Appeal from the Circuit Court for Gibson County**
**No. 18959     Clayburn Peeples, Judge**

**No.  W2014-02326-CCA-R9-CD  -  Filed October 7, 2015**

The Defendant, Donna Marie Chartrand, was charged in the Circuit Court for Gibson County with conspiracy to manufacture methamphetamine, promotion of the manufacture of methamphetamine, felony possession of drug paraphernalia, and misdemeanor possession of drug paraphernalia. *See* T.C.A. §§ 39-17-417(a)(1) (Supp. 2012) (amended 2014) (manufacture of methamphetamine); 39-12-103 (2014) (conspiracy); 39-17-433(a)(1) (2014) (promotion of methamphetamine manufacture); 39-17-425(b)(1) (Supp. 2012) (felony possession of drug paraphernalia); 39-17-425 (Supp. 2012) (misdemeanor possession of drug paraphernalia).  In this interlocutory appeal, the Defendant contends that the trial court erred in denying her motion to suppress the evidence seized during the search of her home, arguing that the search warrant was not supported by probable cause.  We reverse the order of the trial court and remand the case for further proceedings in which the evidence obtained pursuant to the invalid warrant is suppressed.

**Tenn. R. App. P. 9; Order of the Circuit Court Reversed; Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ. joined.

Tom Crider, District Public Defender; Milly Worley, Assistant Public Defender, for the appellant, Donna Marie Chartrand.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Garry Brown, District Attorney General; Mark Hazelwood and Hillary Lawler Parham, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the February 5, 2013 search of the Defendant's home pursuant to a search warrant.  Special Agent Paul Thomas of the West Tennessee Violent Crime and Drug Task Force requested and received a search warrant for the home of Daniel Corley, a

codefendant with whom the Defendant lived. The search uncovered materials related to the manufacture of methamphetamine, and the Defendant and the codefendant were arrested.

At the first suppression hearing on January 7, 2014, no witnesses were presented, and the trial court heard arguments from defense counsel and the prosecutor. Defense counsel argued the search warrant was invalid because it was based, in large part, on a tip received by police from a "confidential concerned citizen." Defense counsel also argued that the person should have been considered a criminal informant relative to trustworthiness because no proof was presented in the affidavit that the informant was law abiding.

The search warrant and supporting affidavit were received as an exhibit. The affidavit was completed on February 5, 2013, by Special Agent Paul Thomas. It recited Agent Thomas's experience with police work and drug-related crimes, as well as practices he associated with the drug trade. The affidavit stated, in relevant part:

> a. During the month of January 2013 your affiant noticed the name of Daniel Corley, w/m, [his date of birth, address, and drivers' license number] as being on the pseudoephedrine purchase logs. A further check of the logs revealed that CORLEY has a history of purchasing pseudoephedrine dating back to August 2012. Furthermore, through my training and experience in investigating methamphetamine related cases, the frequency of CORLEY's purchase history and the fact that he makes his purchases at varying stores in Gibson and Madison Counties, leads your affiant to believe that the pseudoephedrine pills that CORLEY is purchasing are being used in the manufacture of methamphetamine. CORLEY's most recent purchase was on 1-30-2013 at Target in Jackson, TN. . . .

> . . .

> d. . . . a check with NCIC shows that CORLEY pled guilty to three (3) methamphetamine offenses in 2000 in the United States Federal Court, Western District of TN. For this plea, CORLEY received a sentence of sixty (60) months.

> e. Furthermore, a confidential concerned citizen, that wishes to remain silent out of fear for their safety, has confided in your affiant that they have personal knowledge that CORLEY has been engaging in the ingestion of illegal methamphetamine in the past 90 days. This concerned citizen has been known personally by your affiant for at least 5 years and has always proven to be truthful in other matters.

The search warrant was signed and issued by a neutral magistrate on February 5, with the year not indicated. The magistrate wrote the full date on the supporting affidavit. The officer's return section shows that the search warrant was issued and executed on February 5, 2013, and returned on February 11, 2013. The magistrate signed and dated the judgment below the officer's return section, but did not indicate the year.

The prosecutor noted to the trial court that Mr. Corley's name appeared on the pseudoephedrine purchase log. The trial court found that a "highly suspicious" pattern of activity existed and that the "totality of the circumstances listed in the warrant do establish probable cause. I don't think the concerned citizen by him or herself would have been sufficient, but . . . I think you've got probable cause[.]"

Defense counsel amended the motion to suppress, and a second suppression hearing was held on June 16, 2014. No witnesses were presented, and the trial court heard arguments from counsel and the prosecutor.

Defense counsel argued that no nexus existed between the items specified in the warrant relative to manufacturing materials and the place to be searched. Counsel noted that the informant's tip mentioned ingestion of methamphetamine by Mr. Corley but not a location where the methamphetamine would have been found, and methamphetamine manufacture was not mentioned.

Defense counsel argued that the credibility of the informant was not established and that a person who recognized methamphetamine on sight was probably of the "criminal element." Counsel relied upon *State v. Gerald Robert Stevens*, 989 S.W.2d 290 (Tenn. 1999), in which our supreme court held that informant credibility cannot be established by a conclusory statement that the anonymous witness is credible. Counsel also relied upon *State v. James Norman Usery*, No. 02C01-9805-CC-00154, 1999 WL 569691 (Tenn. Crim. App. Aug. 4, 1999), in which this court concluded that a confidential citizen tip was not presumptively reliable. In that case, the affiant checked a box that indicated he "received information from a reliable citizen informant." *Id.* at *1. The affiant stated that a "citizen informant has been in the residence in the past 72 hours and has directly witnessed white powder substance, green plant material, paraphernalia, weapons, and contraband associated with the use of controlled substances. This citizen informant is familiar with controlled substances." *Id.* The court concluded that because the affidavit did not explain how or why the citizen informant was "familiar" with illegal drugs, the veracity of the informant was not established and the affidavit was insufficient to support a search warrant. *Id.* at *3.

In the present case, defense counsel observed that although the codefendant's name was on the pseudoephedrine purchase log, the affidavit did not state how frequently the codefendant purchased pseudoephedrine, that the codefendant was never denied a purchase, and that buying pseudoephedrine in two counties was not unlawful. Regarding the omission

of the year in the search warrant, counsel argued that because the search warrant was not otherwise supported by probable cause, the good faith exception to the exclusionary rule did not apply and that the error provided an additional basis for concluding the warrant was invalid.

The prosecutor contended that based upon the totality of the circumstances, the warrant was supported by probable cause. Regarding the credibility of the informant, the prosecutor said that the informant was analogous to an "anonymous tipster." The prosecutor conceded that anonymous tips and ninety-day-old tips must be corroborated by additional evidence to be deemed reliable. The prosecutor argued that the corroborating evidence in this case was the codefendant's thirteen-year-old federal methamphetamine convictions. The prosecutor told the court he thought that the affidavit specified the convictions were "manufacturing conviction[s]."

In addition, the prosecutor argued that the affidavit provided the requisite nexus between the place to be searched and the items to be seized because the affidavit included a statement that a person who manufactured methamphetamine usually did so in the person's home. The prosecutor said the codefendant's pseudoephedrine purchases, the information from the tip, and the prior convictions were sufficient evidence to conclude that the codefendant was manufacturing methamphetamine.

The prosecutor argued that the issuing magistrate's failure to include the year on the search warrant fell within the good faith exception to the exclusionary rule. *See* T.C.A. § 40-6-108 (2012) (stating that otherwise admissible evidence seized as a result of executing a search warrant will not be suppressed because of a good faith "mistake or technical violation" by the issuing magistrate, including clerical errors). The prosecutor conceded that the affidavit was "inartfully drawn."

The trial court concluded in its written order that the missing year on the search warrant was a "good faith violation" and that the completed portions of the warrant resolved any confusion as to the date of issuance. The court also concluded that the totality of the information in the affidavit established probable cause and found, in relevant part, the following:

> Agent Thomas said . . . he had been a narcotics officer for the past 11 years . . . and that during the previous month, he . . . had seen the name of codefendant Corley on "pseudoephedrine logs" and that . . . Corley "had a history of purchasing pseudoephedrine dating back to August 2012," and that such purchases were made at "varying stores in Gibson and Madison Counties," the most recent purchase being on January 30, 2013[.] Agent Thomas further stated that . . . he believed that the frequency of Corley's purchases indicated that he was using them to manufacture methamphetamine.

-4-

Agent Thomas also disclosed that Corley had been convicted on three previous methamphetamine offenses in the year, 2000.

Agent Thomas also related . . . that evidence of methamphetamine manufacturing remains at the locus of such manufacturing for "months, even years" after such manufacturing has taken place.

Finally, Agent Thomas claimed . . . to have received information from a "concerned citizen" that Thomas said he has known for more than five years and who . . . Thomas[ ] has always known to be truthful "in other matters."

This "concerned citizen," . . . told Thomas that he/she had "personal knowledge" that Corley had been ingesting methamphetamine during the previous 90 days prior to Thomas's request for a warrant.

The trial court denied the motion to suppress, and the Defendant requested an appeal pursuant to Tennessee Rule of Appellate Procedure 9. The trial court concluded, in relevant part, that the issue was appealable, that the issue was dispositive of the case, and that the Defendant would suffer irreparable injury if the appeal were not permitted. *See* T.R.A.P. 9. The Defendant then filed an application with this court for permission to appeal the decision, which was granted. *See* T.R.A.P. 9(b).

In Tennessee, a search warrant must be issued on a finding of probable cause and supported by an affidavit that "sets forth facts tending to establish" probable cause. T.C.A. §§ 40-6-103, -104; *see State v. Williams*, 193 S.W.3d 502, 506 (Tenn. 2006). "Probable cause generally requires reasonable grounds for suspicion, supported by circumstances indicative of an illegal act." *Williams*, 193 S.W.3d at 506 (citing *State v. Stevens*, 989 S.W.2d 290, 293 (Tenn. 1999)). The issuing magistrate should use common sense when determining whether the affidavit supports a finding of probable cause. *State v. Carter*, 160 S.W.3d 526, 533 (Tenn. 2005). We review an issuing magistrate's probable cause determination with great deference. *State v. Melson,* 638 S.W.2d 342, 357 (Tenn. 1982) (citing *United States v. Melvin*, 596 F.2d 492, 498 (1st Cir. 1979)).

Our standard of review in determining whether a search warrant is based upon probable cause is "whether, in light of all the evidence available, the magistrate had a substantial basis for finding probable cause." *State v. Meeks*, 876 S.W.2d 121, 124 (Tenn. Crim. App. 1993). "In reviewing the existence of probable cause for issuance of a warrant, we may consider only the affidavit and may not consider any other evidence known by the affiant or provided to or possessed by the issuing magistrate." *Carter*, 160 S.W.3d at 533. A supporting affidavit must establish a nexus between the criminal activity, the place to be searched, and the things to be seized. *State v. Saine*, 297 S.W.3d 199, 206 (Tenn. 2009) (citing *State v. Reid*, 91 S.W.3d 247, 273 (Tenn. 2002)). "Courts also should consider the nature of the property sought, the

normal inferences as to where a criminal would hide the evidence, and the perpetrator's opportunity to dispose of incriminating evidence." *Reid*, 91 S.W.3d at 275.

When assessing the reliability of information provided by an informant, our courts distinguish between "citizens," or "bystanders," and "criminal informants," or people of the "criminal milieu." *Williams*, 193 S.W.3d at 507. Citizens provide information to the police out of civic duty or concern for their own safety and are presumed credible. *State v. Smith*, 867 S.W.2d 343, 347 (Tenn. Crim. App. 1993). A citizen informant's information is presumed reliable if (1) the person is known to the police, (2) the person is not part of the criminal milieu, and (3) the person's motivation is to aid the police without any expectation of payment. *State v. Bishop*, 431 S.W.3d 22, 38 (Tenn. 2014). Disclosure of a citizen informant's name is not required, but "the source and the information must be judged from all of the circumstances and from the entirety of the affidavit." *Melson*, 638 S.W.2d at 356.

Criminal informants are not presumed credible. *Smith*, 867 S.W.2d at 347. When an affidavit contains information from an informant who is not presumed credible, Tennessee courts determine credibility using the test developed by the Supreme Court in *Aguilar v. Texas* and *Spinelli v. United States*. *See State v. Jacumin,* 778 S.W.2d 430, 436 (Tenn. 1989) (adopting two-pronged *Aguilar-Spinelli* test); *see also Aguilar v. Texas,* 378 U.S. 108 (1964); *Spinelli v. United States*, 393 U.S. 410 (1969).

The *Aguilar-Spinelli* test requires that the affidavit include evidence of (1) the informant's basis of knowledge and (2) of the credibility of the informant or of the reliability of the informant's information. *Bishop*, 431 S.W.3d at 38 (Tenn. 2014); *see Stevens*, 989 S.W.2d 290. "Probable cause may not be found until both prongs are independently considered and satisfied." *Stevens*, 989 S.W.2d at 294 (citing *State v. Ballard*, 836 S.W.2d 560, 562 (Tenn. 1992)). Our supreme court has cautioned against a "hypertechnical" application of the *Aguilar-Spinelli* test. *Jacumin,* 778 S.W.2d at 436; *see Bishop*, 431 S.W.3d at 38.

In regard to assessing the reliability of information and the credibility of the informant, our supreme court concluded in *State v. Stevens* that although a search warrant affidavit stated that a "concerned citizen source" acting on "civic duty" without requesting payment provided information about a methamphetamine cook site, the informant could not be presumed credible based on the circumstances of the informant's knowledge. *Stevens*, 989 S.W.2d at 294. The informant detailed the cooking process he observed and provided a sample of the methamphetamine to police. *Id*. at 292. The court held that absent an explanation of why the informant was at a methamphetamine cook site, recognized methamphetamine, and was able to leave with the finished product, he could not be presumed credible. *Id.* at 294.

However, if an informant's tip fails either prong of the *Aguilar-Spinelli* test, the affidavit may establish probable cause through independent police corroboration. *Jacumin,*

778 S.W.2d at 436 (citing *Commonwealth v. Upton*, 476 N.E.2d 548, 557 (Mass. 1985)). "The credibility of informants' information may also be buttressed by independent corroboration of its details. However, it is not necessary to corroborate every detail of the informant's information." *Bishop*, 431 S.W.3d at 38. Corroboration may involve non-criminal activity, but it must be "of more than a few minor elements of the informant's information." *State v. Smotherman*, 201 S.W.3d 657, 664 (Tenn. 2006) (citing *State v. Moon*, 841 S.W.2d 336, 342 (Tenn. Crim. App. 1992)). "Corroboration of 'only innocent aspects of the story' may suffice." *Bishop,* 431 S.W.3d at 38 (quoting *Melson*, 638 S.W.2d at 355).

A trial court's findings of fact on a motion to suppress are conclusive on appeal unless the evidence preponderates against them. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996); *State v. Jones*, 802 S.W.2d 221, 223 (Tenn. Crim. App. 1990). Questions about the "credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Odom*, 928 S.W.2d at 23. The prevailing party is entitled to the "strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence." *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998); *see State v. Hicks*, 55 S.W.3d 515, 521 (Tenn. 2001). The trial court's application of the law to its factual findings is a question of law and is reviewed de novo on appeal. *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997).

The informant in the present case was described as a "confidential concerned citizen" with "personal knowledge" that the codefendant had ingested methamphetamine in the past ninety days. The affidavit does not explain the basis for the informant's knowledge, such as where the ingestion occurred, whether the informant personally saw the codefendant ingest the methamphetamine, why the informant recognized methamphetamine, and why the informant was present in a place where people were ingesting illegal drugs. *See Stevens*, 989 S.W.2d at 294. Agent Thomas's statements that he had known the informant for five years and that the informant was always "truthful in other matters" was conclusory and, standing alone, was insufficient to establish the informant's credibility. *See Moon*, 841 S.W.2d at 338. In light of the limited information provided as to the informant's source of knowledge, we conclude that the informant could not have been presumed credible and that the tip was not reliable in the absence of corroborating evidence.

Regarding the remaining evidence contained in the affidavit, we cannot conclude that either piece of information produced by the police corroborated the informant's tip to the extent that it corroborated the information contained in the tip and established probable cause. The record reflects that the police performed a background check and examined the pseudoephedrine purchase logs before seeking a warrant. The record does not reflect the nature of the methamphetamine offenses for which the codefendant was convicted in federal court thirteen years previously, and, in any event, these convictions were too remote in time to corroborate the tip. Similarly, the codefendant's name on the pseudoephedrine purchase log does not corroborate the informant's tip because the informant's tip did not involve

methamphetamine manufacture, only ingestion. The affidavit does not reflect the frequency and quantity of pseudoephedrine purchases by the Defendant. We agree with the Defendant that the locations of the purchases carry less weight than the frequency of the purchases, which information was not provided in the affidavit. Purchasing pseudoephedrine while having thirteen-year-old, drug-related convictions might raise suspicion to warrant further investigation, but we conclude that this information does not sufficiently corroborate the tip to establish probable cause for issuance of the search warrant.

Finally, the affidavit fails to establish a nexus between the evidence sought—items used to manufacture methamphetamine—and the codefendant's home. The prosecutor told the trial court that the affidavit contained an assertion that "manufacture[] is typically done at the home," and later said, "[H]e lists in the affidavit, that typically manufacturers of methamphetamine do it in their home." However, the affidavit contains no such statements. The prosecutor also told the court that he thought the codefendant's federal convictions were "manufacturing conviction[s]," but the affidavit states that the codefendant had three "methamphetamine convictions" in federal court. Although these facts, if true, would support finding a nexus between the evidence sought and items to be seized, the court did not reference them in its findings of fact. *Aguilar*, 378 U.S. at 109, n. 1 (stating that a court reviewing the probable cause determination of a magistrate is limited to the information contained in the affidavit). Because the affidavit fails to establish the nature of the codefendant's prior criminal record or that methamphetamine manufacture commonly occurs in the home, an insufficient nexus exists between the codefendant's home and the evidence sought.

Because the "corroborating" evidence was insufficient to render the informant's tip reliable and the affidavit failed to establish a nexus between the codefendant's home and the evidence sought, we conclude that the supporting affidavit failed to establish probable cause to issue the search warrant.

As the search warrant was invalid due to insufficient evidence in the supporting affidavit, we do not reach the issue of whether the issuing magistrate's omission of the year on the search warrant affected its validity.

In consideration of the foregoing and the record as a whole, we reverse the order of the trial court and remand the case for further proceedings in which the evidence obtained pursuant to the invalid warrant shall be suppressed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE